**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

KERI L.,

                      **Plaintiff,**

v.

                                                    **20-CV-6023**

**COMMISSIONER OF SOCIAL SECURITY,**

                      **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 21. Keri L. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 17, 19. For the following reasons, Plaintiff's motion (Dkt. No. 17) is granted, and the Commissioner's motion (Dkt. No. 19) is denied.

## BACKGROUND

On January 14, 2016, Plaintiff filed for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") alleging disability beginning on December 17, 2014, due to bipolar disorder, anxiety, depression, hip impairment, and other medical

conditions.  Tr. at 91, 182-87, 188-94, 211.[1]  Plaintiff's claim was denied at the initial level and she requested review.  Tr. at 109-10.  Administrative Law Judge Michael Carr ("the ALJ") conducted a hearing on August 24, 2018.  Tr. at 29-74.  Plaintiff, who was represented by counsel, testified as did a vocational expert ("VE").  Tr. at 29-74.  On December 5, 2018, the ALJ issued a decision in which he found that Plaintiff was not under a disability as defined by the Act from December 17, 2014, through the date of his decision, and therefore, was not entitled to benefits.  Tr. at 9-23.  Plaintiff commenced the current action on January 10, 2020.  Dkt. No. 1.

## **LEGAL STANDARD**

**Disability Determination**

A person making a claim for Social Security benefits bears the ultimate burden of proving disability throughout the period for which benefits are sought.  *See* 20 C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The claimant is disabled only if she shows that she is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or can be expected to last, for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22 (2002).

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 12.

A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). Congress places the burden upon the claimant to establish disability by requiring her to "furnish such medical and other evidence of the existence [of disability] as the Commissioner of Social Security may require." 42 U.S.C. § 1382c(a)(3)(H)(i). The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner. 20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

The Commissioner has established a five-step sequential evaluation for adjudicating disability claims set forth at 20 C.F.R. § 416.920. The claimant has the burden at the first four steps. The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy, but the burden of proving disability is always on the claimant. *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). Section 405(g) limits the scope of the Court's

3

review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  See *Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).  Substantial evidence is "more than a mere scintilla." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  See *Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## **DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 17, 2014, the alleged onset date.  Tr. at 14.  The ALJ concluded at step two that Plaintiff's obesity, left hip osteoarthritis status post total hip replacement, bipolar disorder type II, depressive disorder, borderline personality disorder, and anxiety disorder were severe impairments.  Tr. at 14.  At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings, giving special consideration to Listing 1.02 (Major Dysfunction of a Joint), Listing 12.04 (Depressive, Bipolar and Related Disorders), Listing 12.06 (Anxiety and Obsessive-Compulsive Disorders), Listing 12.08 (Personality and Impulse Control Disorders), and SSR 02-1p (Evaluation of Obesity).  Tr. at 15-16.

The ALJ found that Plaintiff retained the RFC to perform sedentary work as defined by 20 C.F.R. § 416.967(a), except that she could occasionally climb ramps and stairs, balance, stoop, kneel and crawl.  She cannot climb ladders, ropes and scaffolds, cannot crouch, cannot work around unprotected heights or on uneven terrain.  She can perform simple, routine tasks and can tolerate occasional contact with supervisors, co-workers, and the general public.  Tr. at 17.

The ALJ acknowledged that Plaintiff had no past relevant work.  Tr. at 21.  Relying on the VE's testimony, the ALJ found at step five that Plaintiff could perform work existing in significant numbers in the national economy, including work as a document specialist, toy stuffer, or printed circuit board screener.  Tr. at 21-22.  Accordingly, the ALJ determined that Plaintiff had not been under a disability since December 17, 2014, her alleged onset date.  Tr. at 28.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings.  Dkt. Nos. 17, 19.  Plaintiff argues that the ALJ violated the treating physician rule by failing to evaluate the March 2015 and April 2016 disability opinions from Plaintiff's treating psychiatrist, Dr. Thundathil O. Abraham.  This Court agrees.

"[T]he SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant."  *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (*citing Green–Younger, v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)); *see also De Roman v. Barnhart*, No. 03 Civ. 0075 (RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527).  Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger*, 335 F.3d at 106.

An ALJ may discount a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ must consider several factors in determining how much weight to give a treating physician's opinion including "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess*, 537 F.3d at 129 (quotation marks, alterations, and citations omitted); 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).[2]

In Plaintiff's case, her treating psychiatrist Dr. Abraham provided two medical opinions. On March 12, 2015, he completed a Wayne County Medical Examination for Employability Assessment. Tr. at 1319-20. He listed Plaintiff's conditions as bipolar disorder, depressive disorder, and anxiety disorder, and indicated that she was prescribed the medication Effexor. Tr. at 1319. Dr. Abraham opined that Plaintiff was "very limited" in her apparent ability to function in a work setting at a consistent pace and moderately limited with maintaining attention/concentration. Tr. at

---

[2] This regulation applies to claims filed before March 27, 2017. For claims filed on or after March 27, 2017, the rules in 20 C.F.R. § 404.1520c apply. Gonzalez-Cruz v. Comm'r of Soc. Sec., 294 F. Supp. 3d 164, 189 (W.D.N.Y. 2018).

7

1320.  He indicated Plaintiff was receiving psychiatric care at Wayne Behavior Health Network and opined that she was "not able to work."  Tr. at 1320.  Dr. Abraham stated that Plaintiff's restrictions were expected to last 12+ months.  Tr. at 1320.

On April 28, 2016, Dr. Abraham completed a Psychiatric Report (Employment).  Tr. at 1311.  Dr. Abraham listed Plaintiff's diagnoses as anxiety disorder, bipolar II disorder, and depressive disorder, and her medications as Lexapro and Lamictal.  Tr. at 1311.  He stated that he had treated Plaintiff since January 28, 2015, and last examined her on April 28, 2016.  Tr. at 1311.  He opined that Plaintiff was not capable of working in any capacity at that time.  Tr. at 1311.

The ALJ afforded "little weight" to Dr. Abraham's March 2015 opinion reasoning that "[t]he conclusion whether the claimant is able to work or not is a finding of disability, which addresses a matter reserved to the Commissioner."  Tr. at 20.  The ALJ did not discuss any of the treating physician factors.  Perhaps most importantly, the ALJ did not evaluate Dr. Abraham's specific findings that Plaintiff was very limited in her apparent ability to function in a work setting at a consistent pace and moderately limited with maintaining attention/concentration.  Tr. at 20.  It is unclear from the ALJ's discussion whether he even considered these limitations.  Tr. at 17-21, 1320.  The RFC, which limits Plaintiff to simple, routine tasks and only occasional contact with supervisors, co-workers and the general public, does not account for them.  Tr. at 17.

The ALJ also failed to assess Dr. Abraham's April 2016 Psychiatric Report in which he found that Plaintiff was not capable of working in any capacity at that time. Tr. at 20. This failure was compounded by the fact that the ALJ erroneously cited to the Report as one that was rendered by a social worker. Tr. at 21.

This Court finds that the ALJ failed to properly evaluate Dr. Abraham's March 2015 and April 2016 opinions as required by the treating physician rule. Although it is well established that treating source opinions on issues that are reserved to the Commissioner are not entitled to deference, see 20 C.F.R. §§ 404.1527(d); 416.927(d), an ALJ must still explain why a treating opinion, even if cursory in nature, should not be credited. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *see also Littlejohn v. Comm'r of Soc. Sec.*, 2019 WL 1083693, at *5 (W.D.N.Y. Mar. 7, 2019) (*citing Schramm v. Colvin*, 2014 WL 4627222, at *3 (W.D.N.Y. Sep. 15, 2014)) (finding that the ALJ was required to provide good reasons for rejecting "even laconic" treating opinions).

In this case, the ALJ's only stated reason for rejecting Dr. Abraham's disability opinions was that the ultimate issue of whether a claimant is disabled is reserved to the Commissioner. Tr. at 20, 21. This legal principle, standing alone, does not constitute a good reason for rejecting the treating psychiatrist's opinions, because it does not address the strength (or weakness) of Dr. Abraham's treating relationship with Plaintiff or the actual substance of his opinions. *See Salansky v. Comm'r of Soc. Sec.*, 2019 WL 1146342, at *4 (W.D.N.Y. Mar. 13, 2019) (*citing Littlejohn*, 2019 WL 1083693, at *5) (finding that the ALJ's sole rationale for rejecting Dr. Cappucino's opinion that the

claimant was disabled — because the disability determination is "reserved to the Commissioner" — did not constitute a good reason, because it did not explain why the opinion should not have been credited).

The ALJ's explanation might have sufficed if Dr. Abraham only opined that Plaintiff was unable to work. As previously noted, Dr. Abraham made specific findings in his March 2015 opinion that Plaintiff was very limited in her apparent ability to function in a work setting at a consistent pace and moderately limited with maintaining attention/concentration. Tr. at 1320. Yet, the ALJ did not evaluate these particular limitations or explain why he rejected them or failed to include them in the RFC. Tr. at 20. This was improper. *See Arbarchuk v. Colvin*, 2015 WL 5714262, at *4 (W.D.N.Y. Sept. 29, 2016) ("Here, regarding the opinion evidence, the ALJ only stated that he gave . . . no weight to Dr. Huckell's disability statements [but] . . . [t]his conclusion does not indicate to the Court whether the ALJ gave any weight to the remainder of Dr. Huckell's . . . multiple statements regarding the degree of Plaintiff's impairment, as well as multiple characterizations of Plaintiff's limitations, which fall within the scope of the treating physician's rule.").

The ALJ's lack of explanation deprives this Court of the ability to conduct a meaningful review, and warrants remand. *See Id*. at *4; *see also Raymer v. Colvin*, 2015 WL 5032669 at * 6 (W.D.N.Y. Aug. 25, 2015) (*quoting Dioguardi v. Comm'r of Soc. Sec.*, 445 F.Supp.2d 288, 297 (W.D.N.Y. 2006)) ("[W]ith no explanation provided, it is not possible for the [c]ourt to know why . . . the ALJ chose to disregard the evidence that was more favorable to plaintiff's claim . . ."). The ALJ is directed to explain the

10

weight he has given Dr. Abraham's disability opinions.  Because remand is warranted on this basis, this Court need not reach Plaintiff's remaining argument generally challenging the sufficiency of the evidence supporting the RFC.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 17) is hereby GRANTED, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 19) is DENIED.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:     Buffalo, New York
           August 30, 2021

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**